UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STACEY HILTON, and
GOOD MOOS LLC,

    Plaintiffs,

v.

ANN MEISCH,

    Defendant.

Case No. 1:20-cv-01002

Hon. Robert J. Jonker

## Joint Status Report

A Rule 16 Scheduling Conference is scheduled for Monday, December 7, 2020 at 4:00 p.m. before the Hon. Robert J. Jonker. Appearing for the parties as counsel will be Bradford W. Springer (for plaintiffs Stacey Hilton and Good Moos LLC), and Kristen Lee Rewa (for defendant Ann Meisch).

    1.    <u>Jurisdiction</u>: The basis for the Court's jurisdiction is federal question jurisdiction. The claim asserted is under 42 U.S.C. Section 1983 for alleged violations of the First and Fourteenth Amendments to the United States Constitution. There are no objections to jurisdiction. There are no alleged State law claims.

    2.    <u>Jury or Non-Jury</u>: This case is to be tried before a jury.

    3.    <u>Judicial Availability</u>: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

1

4. <u>Statement of the Case</u>: Plaintiffs applied to renew their lease of a rental "chalet" for their ice cream business as part of the City of Muskegon's Western Market program in downtown Muskegon. Plaintiffs' allege that defendant, Ann Meisch, the City Clerk who manages the program, caused their renewal application to be rejected in retaliation for engaging in conduct protected under the First Amendment and Fourteenth Amendment. Plaintiffs' claim is brought under 42 U.S.C. Section 1983 for the alleged retaliation. Defendant denies any retaliation or any violation of plaintiffs' rights.

5. <u>Joinder of Parties and Amendment of Pleadings</u>: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by April 1, 2021.

6. <u>Disclosures and Exchanges</u>: Rule 26(a) mandates particular disclosures that apply on a self-executing timetable in the absence of contrary court order. Describe in the Joint Status Report what the parties propose regarding these categories of disclosure. In addition, this Court will require a preliminary disclosure of potential lay witnesses earlier than Rule 26(a)(3) would otherwise require. Propose a date for this disclosure in the Joint Status Report. NOTE: Rule 26(e) provides the duty to supplement applicable disclosures and discovery responses. All parties must comply with this duty, and Rule 37 sanctions apply.

(i) Fed.R.Civ.P. 26(a)(1) disclosures: The parties propose a December 21, 2020 disclosure deadline for all parties.

(ii) Fed.R.Civ.P. 26(a)(2) disclosures: Plaintiff proposes disclosures by January 15, 2021. Defendant proposes staggered deadlines with Plaintiff furnishing the names of expert witnesses by January 15, 2021 and Defendants by February 15, 2021.

(iii) Fed.R.Civ.P. 26(a)(3) disclosures: Plaintiff proposes the parties make these disclosures 90 days before trial. Defendant proposes staggered deadlines with Plaintiff's report due by March 5, 2021; Defendants report due by April 5, 2021.

(iv) The parties are unable to agree on voluntary production at this time. Defendant produced documents to Plaintiffs pursuant to a FOIA Request.

(v) Initial disclosure of potential lay witnesses by plaintiffs and defendant will occur by February 1, 2021.

7. <u>Discovery</u>: The parties believe that all discovery proceedings can be completed by July 30, 2021. The parties recommend the following discovery plan: The parties anticipate that discovery in this case will be straightforward and likely may be completed under the Court Rules within a period of 6 months, although the course of the ongoing pandemic is unpredictable and may require flexibility. The parties anticipate that depositions will need to be conducted remotely and they agree to cooperate in this regard. The subjects on which discovery may be needed include defendant's alleged retaliation under the First Amendment and the reasons plaintiffs' renewal application was denied. The parties do not believe the presumptive limits for interrogatories and depositions should be modified in this case. Defendant requests that Requests for Production of Documents be limited to 25.

8. <u>Motions</u>: The parties anticipate that all dispositive motions will be filed by 30 days after the close of discovery. The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

9. <u>Alternative Dispute Resolution</u>: The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution: voluntary facilitative mediation or early neutral evaluation.

10. <u>Length of Trial</u>: Counsel estimate the trial will last approximately 3 days total, allocated as follows: 2 days for plaintiffs' case, 1 day for defendant's case, and 0 days for other parties.

11. <u>Prospects of Settlement</u>: The status of settlement negotiations is: Plaintiffs made a pre-suit settlement demand to which defendant did not respond. Defense counsel believes the prospects for settlement are good.

12. <u>Electronic Document Filing System</u>: Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must file documents electronically but *serve* pro se parties with paper documents in the traditional manner.

13. <u>Other</u>: In light of the status of the pandemic, counsel for the parties respectfully request permission to participate in the Rule 16 scheduling conference by telephone. Counsel would make a similar request, if circumstances warrant, for further non-evidentiary court appearances.

Dated: November 19, 2020

        Respectfully submitted,

        SCHOLTEN FANT

By: /s/ Bradford W. Springer
     Bradford W. Springer (P67201)
     100 N. Third Street; P.O. Box 454
     Grand Haven, MI 49417
     (616) 842-3030
     bspringer@scholtenfant.com

CUMMINGS, McCLORY, DAVIS & ACHO

By: /s/ Allan C. Vander Laan
     Allan C. Vander Laan (P33893)
     Kristen Rewa (P73043)
     2851 Charlevoix Dr., S.E. - Suite 327
     Grand Rapids, MI 49546
     (616) 975-7470
     avanderlaan@cmda-law.com